## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| FAY HOBSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   No.:3-10-964 |
| ROBERT M. GATES, SECRETARY OF | ) |
| DEFENSE, | )   Judge CAMPBELL |
| | )   Magistrate Judge KNOWLES |
|     Defendant. | )   JURY DEMANDED |
| | ) |

**CASE MANAGEMENT ORDER**

Pursuant to Local Rule 11(d) the following Case Management Order is entered:

**I. Jurisdiction.** Jurisdiction is invoked pursuant to 28 U.S.C. Section 1343 and is not in dispute.

**II. Service of Process.** Service of Process was timely made on the defendants and is not in issue.

**III. Parties' theories of the Case.**

    **A. Plaintiff's Theory.**

    Plaintiff is a black female who engaged in protected activity by filing an EEOC Complaint in July of 2005 alleging race and gender discrimination in non-selection for the position of Video Communications at Fort Campbell High School. Plaintiff is a well qualified teacher who holds a post graduate degree in her field as well as numerous certificates with the Department of

1

Defense Education Activity.

Although well qualified to teach within the DODESS, Plaintiff has applied for 31 plus positions at Fort Campbell without being interviewed or selected even in view of her preferential status.

Plaintiff was selected for a pre-school disabled position (PSCD position) in Daegu American School in Daegu, Korea on July 29, 2009. On August 4, 2009, Plaintiff received an e-mail advising that the offer for employment to the Korea position had been withdrawn.

On September 3, 2009, she received a system generated message from [ESSysAdmin@hq.dodea.edu](ESSysAdmin@hq.dodea.edu) with an attachment announcing an immediate vacancy for a teacher, Preschool Disabled (PSCD) in Guam. On September 6, 2009 in response to Plaintiff's email inquiring about the position, the Principal of Andersen Elementary, replied that the position was vacant and that she had had difficulty finding qualified candidates for the position of PSCD. The position was one that Plaintiff was well qualified for and one that she had previously held.

After faxing copies of her education transcripts and certificates Plaintiff did not hear anything from Ms. Bailey and finally inquired as to the position on September 29, 2010. Bailey's response was that "[t]he position has been filled."

In September of 2009, Plaintiff inquired of the Special

2

Education Coordinator at Fort Campbell of positions available at Fort Campbell as well as PSCD at other locations. Plaintiff was informed that all Fort Campbell positions were filled. On September 28, 2009 Plaintiff received an e-mail from [ESSysAdmin@hq.dodea.edu](ESSysAdmin@hq.dodea.edu) announcing an immediate vacancy for the position of Teacher, Moderately to Severe Learning Impaired, at the Fort Campbell Schools. Upon inquiry Plaintiff discovered that there were actually two positions available at Fort Campbell in the area of Moderate/Severe. Plaintiff was qualified for both jobs but was selected for neither.

Plaintiff alleges that the actions of the defendant are in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges that as a result of the unlawful actions of the Defendant she has suffered and will continue to suffer damages, to wit: lost wages, lost benefits, lost employment opportunities, and compensatory damages for emotional distress, pain and suffering, embarrassment and humiliation.

**B. Defendant's Theory.**

Defendant submits that Plaintiff was not discriminated against on any basis when she was not selected for a pre-school disabled position (PSCD) in Daegu American School in Daegu, Korea. Plaintiff was not qualified to appear on the initial referral list for employment.

Defendant submits that Plaintiff was not discriminated

3

against on any basis when she was not selected for a teacher, Preschool Disabled (PSCD) in Guam. Plaintiff was considered, however, the selecting officials selected the best qualified applicant for the position.

Finally, Defendant submits that Plaintiff was not discriminated against on any basis when she was not selected for the teaching position at Fort Campbell, Kentucky. Plaintiff was considered, however, the selecting officials selected the best qualified applicant for the job.

Defendant asserts that Plaintiff's complaint fails to state a claim upon which relief can be granted. Furthermore, Defendant asserts that Plaintiff's submits that Plaintiff cannot establish a prima facie case of any discrimination by retaliation on any basis pursuant to Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. All actions taken by Defendant with respect to the Plaintiff were based on legitimate, nondiscriminatory reasons and were not pretextual. Plaintiff's claim that she was not selected for the above positions based on discrimination and retaliation are simply without any merit.

**IV. Schedule of Pretrial Proceedings**

**A. <u>Rule 26(a)(1) Disclosure</u>**

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the initial case management conference or on or before February 28, 2011.

B.  **Meeting of Counsel and Parties to Discuss Settlement Prospects**

C.  **Discovery Motions**

No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved. Discovery-related Motions are due on or before October 17, 2011.

D.  **Other Pretrial Discovery Matters**

1. **Motions to Amend.**

Any motion to amend the pleadings or join parties shall be filed on or before July 1, 2011.

2. **Discovery.**

All discovery shall be completed on or before October 10, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by October 10, 2011. There shall be no stay of discovery pending disposition of any motions.

3. **Experts.**

The plaintiff shall declare to the defendant (<u>not</u> file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B) on or before August 15, 2011.

The defendants shall declare to the plaintiff (<u>not</u> file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B) on or before September 15, 2011.

Any supplements to expert reports shall be filed by the close of business on October 19, 2011.

4. **Dispositive Motions.**

All dispositive motions shall be filed on or before December 16, 2011, and any response thereto shall be filed 30 days after the filing of the Motion. Any reply shall be

filed 15 days after the filing of the Response.

**V. TRIAL**

As determined at the case management conference on January 25, 2011, the target trial date is April 17, 2012.

It is so **ORDERED**.

**ENTERED** this the _____ day of January, 2011.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge